GAIL E. LEES, SBN 090363
GLees@gibsondunn.com
JAMES FOGELMAN, SBN 161584
JFogelman@gibsondunn.com
THEANE EVANGELIS KAPUR, SBN 243570
TKapur@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
BEvanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
eHarmony, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MELLISSA WITHERS,<br><br>Plaintiff,<br><br>v.<br><br>eHARMONY, et al.,<br><br>Defendant(s). | CASE NO. CV-09-2266-GHK(RCx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER<br><br>The Hon. Rosalyn M. Chapman<br><br>NOTE CHANGES MADE BY THE COURT. |

## STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Agreement") is entered into by and between (1) plaintiff Mellissa Withers ("Withers") and (2) defendant eHarmony, Inc. ("eHarmony") in this action, Case No. CV-09-2266-GHK(RCx), which is pending in the United States District Court for the Central District of California (the "Litigation"), and each of their counsel.

A. This Agreement shall govern the use of all "Protected Material," as defined below, that any party to this Agreement produces in this Litigation. By

entering into this Agreement, no party waives or releases any rights to object to discovery or to the use/disclosure of Protected Material on any ground.

B. In order for Withers and eHarmony to respond to discovery requests that call for confidential, proprietary, and/or commercially sensitive information, the parties to this Agreement hereby affirm, stipulate, and agree as follows:

1. **Scope and Duration of Agreement**: This Agreement shall govern the use and disclosure of all Protected Material produced by Withers, eHarmony, or any third party, and each of their respective counsel, as a result of discovery conducted in the Litigation. This Agreement shall remain in effect until specifically modified or terminated by the parties to the Litigation or by order of the Judge assigned to hear the Litigation (the "Court"), provided, however, that all obligations to return, destroy, or otherwise maintain the Protected Material in confidence shall survive this Agreement's termination.

2. **Definition and Designation of Protected Material**: A party to this Agreement may designate a document as "Protected Material" if it has a good faith belief (i) that it has a cognizable interest in the material (e.g., the material contains trade secrets, privileged information, or is otherwise protected by law from disclosure), (ii) that secrecy is in the public interest, or (iii) that disclosure would cause serious harm. Without limiting the generality of the foregoing, Protected Material includes materials that constitute trade secrets under applicable law. Such designation shall be made by stamping the document or information as "CONFIDENTIAL—PROTECTED MATERIAL." Protected Material may also include substantive responses to written discovery, but such designation should be limited to particular numbered responses that contain Protected Material.

"Member Material" shall be designated as Protected Material, and includes: (i) documents generated in part or in whole by eHarmony members, including without limitation member profile pages, questionnaire responses, communications to and from members; (ii) documents relating to the actual matches between two eHarmony

members; (iii) and documents relating to the payment of membership dues (e.g. the payment date, amount, and duration of paid membership), but excluding credit card or bank account information; and (iv) any other documents with personal identifying information. Member Documents may be produced by eHarmony to Plaintiff in redacted form, so long as all records related to a particular member can be identified as relating to that member, the first name and city of the member are not redacted, and information is produced to enable members of the same first name to be distinguished from each other. The Parties agree that, by entering into this Protective Order, they are not waiving any rights or objections with respect to discovery. Member Documents will be treated as Protected Material, except as set forth below.

This Agreement shall have no effect on any information or document that was already lawfully in the possession of the Receiving Party, defined below, and that is not the subject of a protective order or any other obligation of confidentiality, or any information that was previously publicly disseminated.

3. **Further Definitions**: For purposes of this Agreement:

a. The term "Non-Disclosure Certificate" shall mean the certificate attached here as Appendix A by which each Reviewing Representative, defined below, shall certify their understanding that access to Protected Material is provided pursuant to the terms and restrictions of this Agreement, and that they have read this Agreement and agree to be bound by it, among other things. All Non-Disclosure Certificates shall be preserved and maintained by counsel for the party who is showing the Protected Material to the Reviewing Representative.

b. The term "Reviewing Representative" shall mean any of the following:

(i) any party to the Litigation;
(ii) an attorney who has made an appearance for a party in the Litigation;

(iii)  attorneys, paralegals, other employees and independent contractors engaged in clerical work associated for the purpose of the Litigation with an attorney who has made an appearance for a party in the Litigation;

(iv)  a testifying or consulting expert or an employee thereof retained by a party to the Litigation for the purpose of advising, preparing, or testifying in the Litigation;

(v)  current employees or other current representatives of parties to the Litigation who are directly engaged in the conduct of the Litigation and who need to know the information in order to carry out their responsibilities in the Litigation;

(vi)  the Court;

(vii)  court reporters, videographers, and other persons preparing transcripts or videos of depositions;

(viii)  a person designated as a Reviewing Representative by the Court; and

(ix)  any potential fact witness after he or she has signed a Non-Disclosure Certificate if the counsel for the disclosing party has a reasonable and good faith belief that examination related to the document is necessary for legitimate discovery or trial purposes.

c.  The term "Producing Party" shall mean the party or other person or entity that produces Protected Material in the Litigation.

d.  The term "Receiving Party" shall mean the party or other person or entity that receives Protected Material in the Litigation from a Producing Party.

4.  **Availability of Protected Material**: Protected Material shall be made available under the terms of this Agreement only to Reviewing Representatives as provided in Paragraphs B(6), B(7), and B(8). Nothing in this Agreement, however,

Gibson, Dunn & Crutcher LLP

4
[PROPOSED] STIPULATED PROTECTIVE ORDER

prevents any use by a Producing Party of the Protected Material that it produces, except that Member Material may only be disclosed as set forth in this Agreement. If a Producing Party makes any Protected Material public for any reason, that information shall no longer be considered Protected Material, and any party to this Agreement may then contest the Protected Material designation pursuant to Paragraph B(10) of this Agreement. Nothing in this Agreement shall preclude a duly appointed copy service or electronic discovery services provider and their employees from making copies of Protected Material.

5. **Return or Destruction of Protected Material, Declaration**: Protected Material shall remain available until the final disposition of the Litigation and all appeals therefrom, whether by judgment, settlement, or otherwise. Within ninety (90) days after that date, all Reviewing Representatives shall return to the Producing Party or destroy the Protected Material (including copies and Notes of Protected Material).

Within such time period, Reviewing Representatives shall also submit to the Producing Party a declaration certifying that all Protected Material (including copies and Notes of Protected Material) has been returned or destroyed, and that all electronic Protected Material has been deleted and no copies have been retained. Any Protected Material that is not returned or destroyed in accordance with this provision shall nevertheless remain subject to this Agreement until such time as it is returned to the Producing Party or destroyed.

6. **Security of Protected Material**: All Protected Material shall be treated in highest confidence and maintained in a secure place. Review of Protected Material shall be strictly limited to Reviewing Representatives, and Protected Material shall not be disclosed to anyone other than in accordance with this Agreement.

7. **Confidential and Limited Use of Protected Material**: Protected Material shall be treated as confidential by each Reviewing Representative in accordance with this Agreement. Protected Material, or any form of information that

Gibson, Dunn & Crutcher LLP

5
[PROPOSED] STIPULATED PROTECTIVE ORDER

copies, discloses, or incorporates Protected Material, shall not be used except as necessary for the conduct of the Litigation, nor shall it be disclosed in any manner to any person except a Reviewing Representative who is directly engaged in the conduct of the Litigation and who needs to review the information in order to carry out his or her responsibilities in the Litigation.

8. **Signed Non-Disclosure Certificate Required**: A Reviewing Representative shall not be permitted to inspect, participate in discussions regarding, or otherwise be permitted access to Protected Material pursuant to this Agreement unless such Reviewing Representative has first executed the Non-Disclosure Certificate attached to this Agreement as Appendix A, which shall be preserved and maintained pursuant to Paragraph B(3)(a) of the Agreement. This requirement shall not apply to Reviewing Representatives that fall within categories (i), (ii), (iii), (v), (vi), and (vii) of Paragraph B(3)(b) of this Agreement.

9. **Termination of Reviewing Representatives**: In the event that any Reviewing Representative to whom the Protected Material is disclosed ceases to be engaged in the Litigation, access to Protected Material by the person shall be terminated and the person shall return or destroy all Protected Material within 30 days of no longer being a Reviewing Representative. Even if no longer engaged in the Litigation or if access is otherwise terminated, every person who has executed a Non-Disclosure Certificate shall continue to be bound by the provisions of this Agreement and the Non-Disclosure Certificate.

10. **Contesting Designation of Protected Material**: Once a document that has been designated as Protected Material has been produced, the Receiving Party may at any time (up to and including during trial) notify the Producing Party that it does not agree that the document is Protected Material. The Producing Party shall have ten (10) business days to notify the Receiving Party of its intent to continue to assert confidentiality over the document. If the Producing Party notifies the Receiving Party of its intention to maintain the confidential designation, the Receiving Party may

1  file a motion to set aside the confidentiality designation within 30 days of the
2  Producing Party's notification. The disputed document will continue to be treated as a
3  confidential document pending resolution of the dispute by the Court. The Parties
4  ~~agree to~~ *Shall* comply with Local Rule 37 and ~~to~~ make good faith efforts to resolve any such
5  dispute by informal negotiations before submitting the dispute to the Court for
6  resolution~~,~~ by Joint Stipulation.

7  It is understood and agreed that, depending on the nature and quantity of the
8  documents at issue, a Receiving Party may require additional time to notify a
9  Producing Party of its intent to file such a motion. If a Receiving Party requires
10 additional time for either notification or filing, the Receiving Party will request that
11 the Producing Party agree to a reasonable extension of the time periods set out in this
12 provision, and the Producing Party will not unreasonably withhold consent to the
13 request.

14 The burden to prove by a preponderance of the evidence that the material is
15 confidential lies with the party seeking to designate the material as Protected Material.

16     11.  **Protected Material Filed Under Seal**: All Protected Material, but
17 excluding Member Material filed as specified below, that is filed with the Court,
18 including any portion of hearing or deposition testimony, exhibits, transcripts, briefs,
19 and other documents which refer to Protected Material, shall be filed and served under
20 seal, in accordance with applicable law and the local rules of the Court. If reasonably
21 practicable, only those documents and pages or portions of those documents that
22 contain the material that qualifies under this Agreement and applicable law and rules
23 to be placed under seal shall be placed under seal. All parties to the Agreement
24 hereby agree to cooperate in any procedures necessary for filing under seal. Such
25 documents shall be prominently marked "CONFIDENTIAL—PROTECTED
26 MATERIAL" and served under seal to be reviewed only by Reviewing
27 Representatives.

28

Member Material may be filed in Court as needed, but only in redacted form, removing the last names, addresses, telephone numbers, personal financial information, social security numbers, drivers license or identification numbers personal to any member.

12. **Use of Protected Material in Court Hearings**: Except as to Member Material used in accord with Paragraph 11, above, if a party to the Agreement desires to include, utilize, or refer to any Protected Material or information derived from Protected Materials during hearings in the Litigation in such a manner that might require disclosure of such material to persons other than the Court, or to disclose or use such Protected Material in open court, as soon as reasonably practicable prior to doing so, but in no event less than two (2) full business days prior to doing so, the parties to the Agreement shall confer in good faith and attempt to agree on the procedure by which such disclosure shall be made. Absent agreement, the parties shall submit the matter to the Court for resolution and request that the Court issue an order governing the use of Protected Material at any such hearing. Thereafter, use of such Protected Material shall be governed by procedures determined by the Court, provided, however, that all objections and arguments related to the Protected Material shall be ~~conducted in camera, closed to all parties except the Producing Party and its counsel and such Reviewing Representatives that are authorized to review such Protected Material.~~ filed under seal, as permitted by the Court.

13. **Use of Protected Material at Depositions**: Counsel may disclose Protected Material to a witness who is not a party or a representative of a party ("Witness") during the course of a deposition if counsel has a reasonable and good faith belief that examination related to the Protected Material is necessary for legitimate discovery or trial purposes. Prior to such disclosure, however, the Witness shall review and agree to be bound by this Agreement to the extent that it forbids him or her from disclosing the Protected Material except as permitted under this Agreement and that he or she is subject to the Court's jurisdiction for the purposes of

enforcing this Agreement. The Witness shall not retain or copy portions of the transcript of his or her deposition that contain reference to Protected Material, nor shall the witness retain or copy documents not provided by him or her or by the entity or entities he or she represents, unless the witness signs a Non-Disclosure Certificate or verbally agrees on the record at the deposition to the terms of this Agreement. A deposition Witness shall be furnished a copy of this Agreement before the deposition.

A deposition Witness may review the entire transcript of statements made during the deposition in order to review and sign the deposition but the Witness may not review any Protected Material appended to the transcript as an exhibit except as otherwise authorized by this Agreement. A Producing Party shall have the right to exclude from attendance at a deposition, during such time as Protected Material is to be disclosed, all non-Reviewing Representatives other than the deponent. Transcripts of deposition testimony may be designated as Protected Material, when appropriate to do so, either on the record at the deposition or by letter within fifteen (15) days after receipt of the transcript. Only those portions of the transcript that record testimony that discloses or discusses Protected Material shall be designated as Protected Material. All deposition transcripts shall be treated as Protected Material for fifteen (15) days after receipt of the transcript, but thereafter only to the extent designated under this Paragraph of the Agreement.

14. **Use of Protected Material at Trial**: Prior to any trial in the Litigation, the parties shall confer in good faith to determine a method for introducing at trial material which has been designated as Protected Material. If the parties reach an agreement regarding how to handle Protected Material in a trial, they shall submit their proposed method to the Court for its approval. If, however, the parties fail to agree on the logistics for introducing Protected Material, they will submit the issue to the Court for its resolution. Member Material may be used at trial as specified in Paragraph 11.

Gibson, Dunn & Crutcher LLP

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

15. **Treatment of Protected Material After Court Ruling**: ~~If the Court finds at any time in the course of the Litigation that all or part of the Protected Material need not be protected, such material shall, nevertheless, be subject to the protection afforded by this Agreement for ten (10) business days from the date of the Court's decision or ruling. If within such period the Producing Party files a rehearing request or an interlocutory appeal or extraordinary writ, the material shall remain Protected Material until five (5) business days after the final order resolving the review of the question of confidentiality.~~ In no event does the Producing Party waive or release its rights to seek additional administrative or judicial remedies after the Court's decision respecting Protected Material or Reviewing Representatives.

16. **No Waiver of Remedies**: In no event does the Producing Party waive the right to pursue any other legal or equitable remedies that may be available in the event of actual or anticipated disclosure of Protected Material.

17. **Attorneys' Eyes Only Protected Material**: For confidential documents that contain extremely sensitive commercial information for which the Producing Party in good faith believes "Protected Material" status would not provide sufficient protection, the Producing Party may designate such documents or information "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," in which case the documents can be reviewed only by the Reviewing Representatives identified in Paragraphs B(3)(b)(i) – (iii) and (b)(v) – (viii) of this Agreement. Unless ordered by the Court, documents designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may not be reviewed by Reviewing Representatives identified in Paragraph B(3)(b)(iv) of this Agreement. Such designation shall only be used sparingly and shall be made by stamping the document or information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

18. **Failure to Designate is not a Waiver**: The failure of the Producing Party to stamp any document or information as "CONFIDENTIAL—PROTECTED MATERIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

ONLY" prior to production shall not waive the protections of this Agreement, or otherwise waive, limit, or forego any rights of the Producing Party to preserve the confidentiality of Protected Material. Upon discovering that Protected Material was inadvertently produced without being stamped "CONFIDENTIAL—PROTECTED MATERIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Producing Party shall notify all parties in writing. The parties shall return the unstamped documents immediately, wherein the Producing Party shall stamp the document and return it to the parties.

19. **Jurisdiction**: All persons signing the Non-Disclosure Certificate agree to submit to the jurisdiction of the United States District Court for the Central District of California for resolution of any and all disputes arising under the Agreement or Non-Disclosure Certificate.

20. **Voluntary Waiver**: The Producing Party may, but need not, waive the confidentiality protections of this Agreement for specified Protected Material.

21. **Treatment of Protected Material in Other Actions**: If any person or entity possessing Protected Material is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand requests the production of Protected Material, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Producing Party and shall not produce any Protected Material prior to the production date on the subpoena or document demand in order to give the Producing Party the opportunity to move to quash or limit the subpoena or document demand.

22. **Inadvertent Disclosure of Privileged Material**:

   a. Should it be determined that material subject to a privilege or immunity from discovery has been inadvertently produced, the Producing Party shall notify the Receiving Party. The Receiving Party shall return all such inadvertently disclosed material and any copies thereof, and shall destroy any notes

that reproduce, copy, or otherwise disclose the substance of the privileged and/or immune material, within fourteen (14) days of notification.

                b.     In the event the Receiving Party disputes the assertion of privilege, the parties shall meet and confer and the Receiving Party shall either: (a) return the material to the Producing Party for proper designation; or (b) file the inadvertently produced material with the court for an *in camera* review by the Court to determine whether the material is immune from production. The parties agree to comply with the requirements of Local Rule 37. The inadvertent production of privileged or immune material that has not been designated as such shall not be deemed a waiver of the privilege or immunity of the material.

        23.    **Third Parties**: This Agreement is intended to apply to all third parties that produce materials subject to the terms of this Agreement. Third parties subpoenaed to produce documents may produce materials marked as "CONFIDENTIAL—PROTECTED MATERIAL" subject to the terms of this Agreement by expressly referencing this Agreement as part of their production. Doing so shall constitute compliance with the terms of any confidentiality agreements such third parties may have with any party hereto.

Executed by the authorized representatives of the parties below on the dates set forth herein.

Dated: October 7, 2009                Michael D. McLachlan
                                                        LAW OFFICES OF MICHAEL D.
                                                        McLACHLAN, APC

                                                        By: _____/s/_____
                                                        Attorneys for Plaintiff Mellissa Withers

| | |
|---|---|
| Dated: October 7, 2009 | James P. Fogelman<br>GIBSON, DUNN & CRUTCHER LLP<br><br>By: _____ /s/ _____<br><br>Attorneys for Defendant eHarmony, Inc. |

# APPENDIX A:
## NON-DISCLOSURE CERTIFICATE

I hereby certify my understanding that access to confidential Protected Material is provided to me pursuant to the terms and restrictions of the confidentiality Agreement and Stipulated Protective Order ("Agreement") covering materials produced in the action *Withers v. eHarmony, Inc., et al.*, pending in the United States District Court for the Central District of California, CV-09-2266-GHK(RCx) (the "Litigation"). I have been given a copy of and have read the Agreement, and I agree to be bound by it. Without limiting the terms of the Agreement, I specifically understand that Protected Material and any information contained in Protected Material shall not be used or disclosed to anyone other than in accordance with the Agreement.

I acknowledge that a violation of this Non-Disclosure Certificate or the Agreement shall entitle parties to seek both legal and equitable remedies against me and my employer. I submit to the jurisdiction of the United States District Court for the Central District of California, and the Judge assigned to the Litigation, for resolution of any and all disputes arising under the Agreement and this Non-Disclosure Certificate.

Date: _____

By: _____

Printed Name: _____

Title: _____

Firm: _____

Representing: _____

1  GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that the parties'
2  [Proposed] *Stipulated Protective Order*, filed and signed by all of the parties in the
3  above-captioned matter, is ENTERED, *as amended at paras. 10, 12 + 15.*
4  Dated: 10-8-09                             *[signature]*
5                                             ROSALYN M. CHAPMAN
6                                             UNITED STATES MAGISTRATE JUDGE